**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 12-3549
_____

MALIK NADEEM KHALID,
Petitioner

v.

ATTORNEY GENERAL OF THE UNITED STATES OF AMERICA,
Respondent
_____

ON PETITION FOR REVIEW OF AN ORDER OF
THE BOARD OF IMMIGRATION APPEALS
(Agency No. A072 567 177)
Immigration Judge:  Dorothy Harbeck
_____

Submitted Under Third Circuit LAR 34.1(a)
July 11, 2013
_____

Before: GREENAWAY, JR., SLOVITER and BARRY, Circuit Judges

(Opinion Filed: July 22, 2013)
_____

OPINION
_____

BARRY, Circuit Judge

Petitioner, Malik Nadeem Khalid, a native and citizen of Pakistan, petitions for

review of an order of removal issued by the Board of Immigration Appeals ("BIA") on January 25, 2012. The order reversed the decision of the Immigration Judge ("IJ"), which had granted Khalid withholding of removal. We will affirm the BIA's denial of withholding of removal, reverse the BIA's determination that Khalid's claim under the Convention Against Torture ("CAT") was waived, and remand for consideration of that claim.

## I.

Khalid first attempted to enter the United States on September 25, 1991, but did not have the proper documentation and was placed in exclusion proceedings. He requested asylum and was paroled into the United States. Khalid withdrew his asylum application in 1996 and filed an application for an adjustment of status based on his marriage to a United States citizen. He returned to Pakistan briefly in 1997, but returned to the United States later the same year, and was paroled to continue his application for adjustment of status. Khalid's application was denied on February 12, 1998, but he failed to leave as required. The Department of Homeland Security ("DHS") served Khalid with a Notice to Appear on June 4, 2008, which alleged that he was removable as an alien who, at the time of application for admission, was not in possession of valid travel documents, in violation of section 212(a)(7)(A)(i)(I) of the Immigration and Nationality Act, 8 U.S.C. § 1182(a)(7)(A)(i)(I).

Khalid conceded removability, and at a hearing on August 19, 2008, submitted an application for asylum, withholding of removal, and protection under the CAT claiming

2

that he would be persecuted in Pakistan based on his past involvement with the Pakistan People's Party ("PPP") and his and his family's more recent affiliation with the Pakistan Muslim League-Q (the "Q-League").[1]

At hearings on February 18, 2009 and March 30, 2009, Khalid testified that he initially came to the United States because of his ties to the PPP, after being arrested and tortured on multiple occasions. He returned to Pakistan in 1997 to visit his sick mother, and received advance parole so he could return to the United States and continue his application for adjustment of status based on his marriage to a United States citizen. While in Pakistan, however, he married a second woman. Khalid's divorce to his first wife was not final until 2004, yet he did not file an asylum application until being placed in removal proceedings in 2008.

Khalid also testified concerning the experiences of his brother and father in Pakistan. His brother joined the Q-League following General Pervez Musharraf's dissolution of the Sharif government. Khalid claimed that in 2008 his brother and father were falsely arrested for "shooting at" a political opponent. He also testified that the N-League was responsible for the false allegations and arrested his family members to pressure him to return to Pakistan. Khalid submitted an article from the Fortnightly Press Gallery, which stated that his father and brother were falsely arrested and speculated that

---

[1] The PPP is the party of Benazir Bhutto, who was Prime Minister of Pakistan until 1990, when Bhutto's government was dissolved, and Nawaz Sharif, then the leader of the Pakistan Muslim League, took over as Prime Minister. In 1997, the Pakistan Muslim league splintered, most notably into Sharif's Pakistan Muslim League-N (the "N-League") and the Q-League.

"[t]he aim to register the cases against Malik family is to pressurize [sic] them so as to bring back Malik Nadeem Khalid from USA." A.R. 1124. He also submitted affidavits from his father, his brothers, and friends, all of which mirror the language from the newspaper article, suggesting that his father and brother were falsely arrested to "pressurize" him to return from the United States. He claimed that as a past member of the PPP and as a current member of the Q-League, he would be subject to persecution, and as such, was entitled to withholding, asylum, and protection under the CAT.

On March 31, 2009, the IJ denied Khalid's application for asylum as untimely but granted withholding of removal. The IJ found that Khalid failed to establish "past persecution" from the 1991 incidents because he voluntarily returned in 1997. The IJ also observed that Khalid did not describe the incidents in great detail nor did he indicate that he had been badly hurt. The IJ found that Khalid would not be subject to future harm on account of his rank-and-file status with the PPP, and, in any event, that the PPP at the time was the party in power. The IJ also noted that Khalid's second wife, his child, and two siblings have never been harmed in Pakistan. Nevertheless, the IJ found Khalid credible and found a clear probability of future persecution based on his father and brother's 2008 arrest and the IJ's conclusion that their political opinions and affiliation with the Q-League would be imputed to him. The IJ did not reach Khalid's claim for protection under the CAT. DHS appealed, and Khalid cross-appealed the IJ's denial of asylum.

On September 15, 2009, the BIA dismissed the appeal with respect to Khalid's

4

claim for asylum and remanded the case to the IJ to reconsider the grant of withholding. The BIA found that in making her credibility determination, the IJ did not offer any rationale for reconciling Khalid's apparent inconsistencies and failed to adequately identify circumstances that would lead to a conclusion that he would be persecuted on account of his imputed political opinion.

The IJ, on remand, issued a new decision addressing the apparent inconsistencies. The IJ again found Khalid's testimony credible, and that his perceived affiliation with the PPP and his family's affiliation with the Q-League established a clear probability of persecution. The IJ granted withholding and again declined to address the CAT claim. On August 13, 2012, the BIA reversed the IJ, sustaining DHS's appeal and ordering Khalid removed to Pakistan. While upholding the IJ's credibility determination, the BIA found clear error in the IJ's finding that the 2008 arrest of Khalid's brother and father was motivated by an attempt to pressure his return to Pakistan. Moreover, the BIA concluded that the lack of evidence of any additional harm befalling Khalid or his family since the 2008 arrest, or any specific threat to Khalid, compelled the conclusion that he could not demonstrate a likelihood of future harm by his former or current political opponents. The BIA reversed the grant of withholding of removal and Khalid now petitions for review.

## II.[2]

Withholding of removal may be granted upon a showing that it is more likely than

---

[2] We have jurisdiction pursuant to 8 U.S.C. § 1252(a)(1).

not that the applicant will be subjected to persecution if he or she is deported. *Toure v. Att'y Gen.*, 443 F.3d 310, 317 (3d Cir. 2006). We review for substantial evidence, which requires us to examine the BIA's findings to determine whether they are "supported by evidence that a reasonable mind would find adequate." *Dia v. Ashcroft,* 353 F.3d 228, 247-49 (3d Cir. 2003) (*en banc*). We may reverse a finding only when "no reasonable fact finder could make that finding on the administrative record." *Id.* at 249. Khalid argues that the findings of the BIA are not supported by substantial evidence. We disagree.

Khalid's claim is based principally on the false arrest of his father and brother in 2008, allegedly motivated by the government's intent to pressure Khalid to return to Pakistan either because of his former affiliations with the PPP or his family's affiliation with the Q-League.[3] The only evidence supporting Khalid's claim is the newspaper article speculating that the sole intent behind his father and brother's arrest was to compel his return to Pakistan, and the affidavits submitted by family members that nearly verbatim repeat the newspaper article. The record, however, supports the BIA's conclusion that the Pakistani government, led by Sharif, was not so motivated. No other members of Khalid's family, including his other brother, his sister, his wife, and his son, were harmed by authorities in Pakistan due to Khalid's or his family's political affiliation. While Khalid contends that they have not been harmed because they were not

---

[3] Khalid does not challenge in this petition the IJ or the BIA's determination that he did not suffer "past persecution" based on his treatment as a rank-and-file member of the PPP in 1991 before he came to the United States.

politically active at the time of the 2008 arrest, he himself has not been in Pakistan since 1997 and has not been an active member of the PPP since 1991. Moreover, Khalid admitted that he had never been more than a "rank-and-file" member of the PPP and could not demonstrate why his father and brother's political affiliations would be specifically imputed to him (rather than to other members of his family). Finally, Khalid claims that the timing of his father and brother's arrest suggests that authorities fabricated charges because they learned of his removal proceedings in the United States. Even if it were logical to conclude that authorities would seek to attempt to force Khalid into returning to Pakistan only *after* learning of his removal proceedings, there is no basis in the record for this conclusion. The BIA's finding that Khalid could not establish that authorities arrested his father and brother in order to compel his return is supported by substantial evidence.

Likewise, the BIA's conclusion that Khalid would not be harmed based on his political affiliation is supported by substantial evidence. Khalid's allegations of past persecution were not only belied by his return to Pakistan in 1997, but were also vague and, as the IJ found, not sufficiently serious. Khalid admitted to being a "rank-and-file" member of the PPP and did not demonstrate why, he, specifically, may be targeted for harm. Again, other members of Khalid's family have been freely permitted to live and travel within Pakistan, and Khalid did not introduce any evidence that he had been specifically threatened. In any event, there is no evidence that the false arrest from 2008 has been pursued in the past five years, or that any other members of Khalid's family

7

have been harmed since 2008 because of Khalid's actual or perceived political beliefs. Accordingly, the BIA's conclusion was supported by substantial evidence.

### III.

Khalid also contends that we should remand his claim based on the Convention Against Torture ("CAT") for adjudication. At both proceedings before the IJ, Khalid brought claims for withholding of removal and relief under the CAT. The IJ granted Khalid withholding of removal, but explicitly declined to address his CAT claim because it had granted relief on the withholding claim. Upon reversing the IJ's grant of withholding of removal for the second time, the BIA declined to address the CAT claim on the merits or remand to the IJ for adjudication, because it was "not contested by the respondent on appeal and the issues are waived." A.R. 7. The government argues that Khalid waived his CAT claim by failing to cross-appeal the IJ's determination and has not exhausted his administrative remedies, depriving this court of jurisdiction under 8 U.S.C. § 1252(d)(1). We disagree.

Khalid received the relief he sought when the IJ granted him withholding of removal. In light of this favorable ruling, it would be illogical to require Khalid to appeal the IJ's failure to address an alternative ground of relief on the possibility that the BIA might, upon the government's appeal, reverse the relief already granted. Moreover, § 1252(d)(1) requires that Khalid "exhaust[] all administrative remedies available to [him] as of right." Khalid, however, could not bring his CAT claim before the BIA because the BIA's appellate jurisdiction is limited to the review of actual determinations issued by an

8

IJ. *See* 8 C.F.R. § 1003.1(b). Here, the IJ made no determination on Khalid's CAT claim, instead expressly noting that she need not reach the CAT claim in light of the relief that had been granted. Accordingly, the BIA, upon reversing the IJ's grant of withholding, should have either addressed the merits of Khalid's CAT claim, or remanded it to the IJ for a determination in the first instance. We therefore remand Khalid's CAT claim to the BIA for further proceedings. *See Ghebrehiwot v. Att'y Gen.*, 467 F.3d 344, 358 (3d Cir. 2006) (noting that claims for withholding of removal and CAT relief are "analytically distinct" and that we cannot adjudicate claim for CAT relief in the first instance).

## IV.

We will grant the petition for review, affirm in part and reverse in part the order of the BIA, and remand for consideration of the CAT claim.